[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1254 
OPINION
Defendant and appellant Louis Lambert Martin was charged with resisting an executive officer (Pen. Code, § 69; count 1)[1] and corporal injury to a spouse or cohabitant (§ 273.5, subd. (a); count 2). Pursuant to a plea agreement, defendant pled guilty to count 1, and count 2 was dismissed at the time of sentencing. The trial court placed defendant on three years' probation with specified conditions.
On appeal, defendant contends the court improperly imposed probation conditions addressing domestic violence, since the court dismissed the corporal injury to a spouse charge, and there was no Harvey[2] waiver in the plea agreement. We affirm.
 FACTUAL BACKGROUND
On July 27, 2008, police officers were dispatched to the apartment where defendant lived with his girlfriend (the victim) regarding a domestic violence incident. Defendant had already fled the scene before the officers arrived. *Page 1255 
Upon arrival, the officers observed redness and swelling to the victim's nose and cheek. She advised them that defendant had punched her in the face with a closed fist and choked her. The victim said there was a prior history of domestic violence and that defendant had struck her several times in the past.
Later that day, defendant returned to his apartment. As he walked up the staircase to the apartment, the officers ordered him to stop. He ignored them and went into the apartment. One of the officers put his foot in the doorway of the apartment to keep the door open, but defendant shut the door on his foot and ankle. The officer yelled for defendant to open the door, but defendant would not listen. The officers forced their way into the apartment, and defendant ran out the back door. The officers located him in the carport trying to wedge himself under a car. Defendant fought with officers as they tried to handcuff him.
Defendant admitted to the police that he had grabbed the victim by the neck and said she "accidentally got punched in the face" when he was fighting with the victim's brother. Defendant said he closed the door on the officer's foot and fled the scene because he did not want to go to jail.
 ANALYSIS The Trial Court Properly Imposed the Domestic Violence Conditions of Probation
Defendant contends that since the court dismissed the count involving domestic violence (count 2), and there was no Harvey waiver in the plea agreement, the court erred by imposing probation conditions addressing domestic violence (the domestic violence conditions).[3] We disagree.
A. Procedural Background
Pursuant to a plea agreement, defendant entered a guilty plea to felony resisting an executive officer. (§ 69.) In exchange, count 2 was to be dismissed at the time of sentencing. The plea agreement did not include aHarvey waiver.
At the sentencing hearing, defense counsel indicated that defendant objected to the domestic violence conditions. The court said it was "looking to *Page 1256 
the facts as they occurred), not to what [defendant] pled." The court then set forth its intention to impose the domestic violence conditions and stated that defendant could either accept them, or it would set aside the plea and "start all over." Defense counsel stated that defendant pled guilty to resisting an officer and signed a plea with no Harvey waiver. The court replied that it was "not going to let a plea bargain get around somebody who was charged with beating up his wife or beating up a woman." The court said it was going to set aside the plea but then allowed defense counsel to discuss defendant's options with him. Defendant concluded that, based on the court's indicated sentence and probation terms, he was willing to accept the terms.
B. Harvey Does Not Apply to Probation Conditions
In Harvey, supra, 25 Cal.3d 754, the defendant pled guilty to two counts of robbery. The plea was part of a bargain under which a third count, which charged an unrelated robbery, was dismissed. (Id. at p. 757.) On appeal, the defendant complained of the duration of his sentence, contending the sentencing court improperly considered and relied upon the facts underlying the robbery count that was dismissed in selecting the upper term on one of the robbery counts. (Ibid.) The Supreme Court held that for purposes of sentence enhancement, a court may not consider facts that pertain solely to a charge that has been dismissed as part of a plea bargain (the Harvey rule). (Id. at p. 758.) The court specifically concluded that "under the circumstances of this case, it would be improper and unfair to permit the sentencing court to consider any of the facts underlying the dismissed count three for purposes of aggravating or enhancing [the] defendant's sentence. Count three was dismissed in consideration of [the] defendant's agreement to plead guilty to counts one and two. Implicit in such a plea bargain, we think, is the understanding (in the absence of any contrary agreement) that defendant will suffer no adverse sentencing consequences by reason of the facts underlying, and solely pertaining to, the dismissed count." (Id. at p. 758.)
In the instant case, defendant relies upon People v. Beagle (2004)125 Cal.App.4th 415 [22 Cal.Rptr.3d 757] (Beagle) in support of his contention that the court erred by imposing the domestic violence conditions, since the corporal injury count was dismissed under a plea agreement that did not contain a Harvey waiver allowing the court to consider the dismissed count for purposes of imposing probation conditions. The Beagle court concluded that it saw "no basis for distinguishing conditions of probation from prison sentences in this context." (Beagle, supra, at p. 421.) The court went on to hold thatHarvey applied to conditions of probation, stating the Harvey court "did not say that this rule was limited only to increased prison terms." (Beagle, supra, at p. 421.) *Page 1257 
We disagree with the Fifth Appellate District Court's analysis ofHarvey and its conclusion in Beagle and are not bound by that opinion. (People v. Landry (1989) 212 Cal.App.3d 1428, 1436 [261 Cal.Rptr. 254].) In Harvey, the defendant was sentenced to prison. The court specifically concluded "it would be improper and unfair to permit the sentencing court to consider any of the facts underlying the dismissed count three for purposes of aggravating or enhancing [the]defendant's sentence." (Harvey, supra, 25 Cal.3d at p. 758, italics added.) The court further noted that implicit in the defendant's plea bargain was the understanding that he would "suffer no adverse sentencingconsequences by reason of the facts underlying, and solely pertaining to, the dismissed count." (Ibid., italics added.) Thus, the Supreme Court did not even contemplate whether a court could consider facts that pertained solely to a charge that had been dismissed as part of a plea bargain, in the context of determining conditions of probation. "[I]t is axiomatic that cases are not authority for propositions not considered. [Citations.]" (People v. Alvarez (2002) 27 Cal.4th 1161, 1176 [119 Cal.Rptr.2d 903, 46 P.3d 372].)
We conclude Beagle's reasoning is untenable that the Harvey rule must apply to probation conditions since the court in Harvey "did not say that this rule was limited only to increased prison terms" (Beagle, supra,125 Cal.App.4th at p. 421).
C. The Domestic Violation Conditions Are Valid
Defendant argues that the court abused its discretion in imposing the domestic violence conditions, since it clearly imposed those conditions because of the dismissed count. We find no abuse of discretion.
Probation is "an act of grace or clemency, the granting or denial of which is within the court's discretion. . . ." (People v. Axtell (1981)118 Cal.App.3d 246, 256 [173 Cal.Rptr. 360].) A sentencing court is vested under section 1203.1 "with broad discretion to prescribe conditions of probation to foster rehabilitation and to protect the public [citation]." (People v. Keller (1978) 76 Cal.App.3d 827, 831 [143 Cal.Rptr. 184], overruled on other grounds as stated in People v.Welch (1993) 5 Cal.4th 228, 237 [19 Cal.Rptr.2d 520, 851 P.2d 802].) Section 1203.1, subdivision (j) provides that a court granting probation may impose "any . . . reasonable conditions, as it may determine are fitting and proper to the end that justice may be done . . . and generally and specifically for the reformation and rehabilitation of the probationer. . . ." (Italics added.) "The discretion is not boundless [citation], but `[a] condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct *Page 1258 
which is not reasonably related to future criminality. . . ." [Citation.] Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality.' [Citation.]" (People v. Phillips (1985) 168 Cal.App.3d 642,646 [214 Cal.Rptr. 417], italics added.) A probationer consents to the probation conditions "in exchange for the opportunity to avoid service of a state prison term. Probation is not a right, but a privilege. `If the defendant considers the conditions of probation more harsh than the sentence the court would otherwise impose, he has the right to refuse probation and undergo the sentence. [Citations.]' [Citations.]" (Peoplev. Bravo (1987) 43 Cal.3d 600, 608-609 [238 Cal.Rptr. 282, 738 P.2d 336].)
Initially, we note that, at the sentencing hearing, the court indicated to defendant its intention to impose the domestic violence conditions and stated that defendant could either accept them, or the court would set aside the plea. After discussing the matter with his attorney, defendant informed the court that he was willing to accept the domestic violence terms that are the subject of this appeal. Defendant now claims he only accepted the terms "under threat from the trial court to reject the plea." However, if defendant considered the domestic violence conditions more harsh than the sentence the court would have otherwise imposed, he had the right to refuse probation. (People v. Bravo, supra,43 Cal.3d at p. 608.) He chose to accept the probation terms. We do not look favorably upon his complaint concerning the terms now.
In any event, the court was well within its discretion in imposing the domestic violence conditions. As discussed ante (see pt. B), the court was not barred by Harvey from imposing them. The domestic violence conditions were fitting and proper for defendant's rehabilitation, in light of the victim's statement that he struck and choked her. (§ 1203.1, subd. (j).) The police observed redness and swelling to her nose and cheek. In addition, the probation officer's report indicated there was a prior history of domestic violence between defendant and the victim in that he had struck her several times in the past. The court properly considered the probation officer's report and followed the recommendation to impose the domestic violence conditions. (§ 1203.) Furthermore, even though the corporal injury to a cohabitant count was dismissed under the plea agreement, the domestic violence conditions were valid since they were reasonably related to defendant's future criminality. (People v.Phillips, supra, 168 Cal.App.3d at p. 646.) *Page 1259 
 DISPOSITION
The judgment is affirmed.
McKinster, J., and Gaut, J., concurred.
[1] All further statutory references will be to the Penal Code unless otherwise noted.
[2] People v. Harvey (1979) 25 Cal.3d 754, 758 [159 Cal.Rptr. 696,602 P.2d 396] (Harvey).
[3] Defendant does not identify which probation conditions are at issue but instead generally refers to them as "domestic violence conditions." We presume the conditions of which he complains are the conditions requiring him to successfully complete a 52-week domestic violence batterers' program, pay $400 to the domestic violence fund, and pay $400 to a battered women's shelter. *Page 1260