Filed 3/25/13  P. v. Encinas CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CARLOS ARMANDO ENCINAS,<br><br>    Defendant and Appellant. | 2d Crim. No. B242934<br>(Super. Ct. No. 1282198)<br>(Santa Barbara County) |

Carlos Armando Encinas appeals a $9,985.98 victim restitution order following his negotiated plea agreement and his no contest plea to assault with force likely to produce great bodily injury.  (Pen. Code, § 245, subd. (a)(1).)[1]  More than two years after his sentencing hearing, the People filed an application for a victim restitution order.  The trial court granted it.

We conclude, among other things, that:  1) Encinas's negotiated plea agreement did not preclude the trial court from modifying the sentence to include a victim restitution order, and 2) the court was not required to obtain a *Harvey* waiver before making that restitution order.  We affirm.

FACTS

On April 19, 2008, Encinas stabbed Jacob Tell with a knife at a bar in Santa Maria, California.  Tell sustained "two stab wounds to the lower abdomen."

---

[1] All statutory references are to the Penal Code.

When the police arrived, Encinas tried to run away. A police officer chased him and shoved him "to the ground." Encinas struggled and tried "to conceal something underneath him." It was a knife. Encinas unsuccessfully attempted to "kick the knife" away. The officer took him into custody.

The district attorney filed a felony complaint alleging *attempted premeditated murder* (§§ 664, 187, subd. (a), 189) (count 1), with special allegations that Encinas's knife attack on Tell was a serious felony, that he used a deadly weapon, and inflicted great bodily injury (§§ 1192.7, subd. (c)(8), (23); former 12022, subd. (b)(1); former 12022.7, subd. (a)); *assault with personal use of a deadly weapon* (§ 245, subd. (a)(1)) (count 2), with special allegations that the knife attack on Tell was a serious felony (§ 1192.7, subd. (c)(31)); and *resisting arrest* (§ 69) (count 3).

The district attorney amended the complaint to add count 4 - assault with force likely to produce great bodily injury - a "non-strike felony." (§ 245, subd. (a)(1).) On the same day, pursuant to the terms of a negotiated plea agreement, Encinas pled no contest to count 4, and the other counts and special allegations were dismissed.

On November 24, 2008, Encinas was sentenced to two years in state prison. The trial court imposed two $400 fines. (§§ 1202.4, 1202.45.)

On July 12, 2011, the People filed an "application" for a modification of the sentence to include a victim restitution order. The prosecutor said Tell "submitted a claim with the Victim Compensation and Government Claims Board" and received $9,985.98 as compensation for "medical expenses." The People requested the trial court to make a restitution order payable to the "Victim Compensation Board" for the money it paid to Tell.

The trial court held a hearing on restitution and ordered Encinas to pay the amount requested to the "State Victim Compensation Board, to reimburse payments to the victim from the Restitution Fund."

## DISCUSSION

### *The Victim Restitution Order*

Encinas contends the victim restitution order he signed must be vacated. He claims his plea agreement did not authorize the trial court to grant victim restitution. We disagree.

In the portion of the agreement that sets forth the consequences of his plea, Encinas acknowledged, "*I may be ordered to pay restitution to the victim(s)* whether I go to prison or I am granted probation." (Italics added.) Consequently, he had notice of his responsibility for such restitution; and by entering into the plea agreement, he agreed to accept such responsibility.

Encinas claims that because the trial court did not order victim restitution at his original sentencing hearing, it lacked authority to award it at a later date. He argues the original sentence is conclusive on restitution.

But "[a] sentence without an award of victim restitution is invalid." (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1225.) "Victim restitution may not be bargained away by the People." (*Id.* at p. 1226.) "When a sentence is invalid due to the omission of a restitution order . . . , the district attorney, or the court on its own motion may *at any time* request correction of the sentence to include a proper restitution award." (*Id.* at p. 1226, fn. 7, italics added.) Here the People filed the application to award restitution, and the trial court properly granted it. "Victim restitution is mandated by the California Constitution . . . ." (*Id.* at p. 1225.) A court must award it unless it finds "compelling and extraordinary reasons" for not doing so. (*Ibid.*) Here the court made no finding that there were any grounds for an exception to the restitution requirement. The award is mandatory "regardless of whether the restitution is paid directly to a victim or to the Restitution Fund to the extent it incurred expenses on behalf of the victim." (*Ibid.*) Where the restitution fund has paid a victim, as here, "'the amount of assistance provided shall be presumed to be a direct result of the defendant's criminal conduct and shall be included in the amount of the restitution ordered.'" (*Ibid.*)

3

*The Absence of a Harvey Waiver*

Encinas contends the victim restitution award must be vacated because the trial court did not obtain a *Harvey* waiver and restitution was based on the facts from the dismissed counts.

Under *People v. Harvey* (1979) 25 Cal.3d 754, 758, without a waiver by the defendant, a court may not consider facts underlying a dismissed count in sentencing unless " those facts were also *transactionally related* to the offense to which defendant pleaded guilty."

Here the People concede there was no *Harvey* waiver. They claim, however, that restitution was awarded based on the facts of count 4 and the facts of the dismissed counts were transactionally related to count 4. We agree.

The restitution award was as result of the medical expenses incurred by victim Tell because of the knife attack. Tell was listed as the victim in the attempted murder and assault with a deadly weapon counts, which were dismissed (counts 1 and 2). Count 3, which was dismissed, charged Encinas with resisting arrest, as he tried to flee after stabbing Tell. Encinas pled no contest to count 4 - assault with force likely to produce great bodily injury.

Encinas claims count 4 "did not name any victim." But the trial court found Tell was the victim in count 4. To challenge that finding, Encinas must show the court abused its discretion. (*People v. Millard* (2009) 175 Cal.App.4th 7, 26.) He has not done so.

The prosecutor added count 4 and dismissed the remaining counts to achieve a plea bargain. Encinas has not shown why the trial court could not reasonably find that: 1) he pled no contest to count 4 because it was a "non-strike felony," and 2) he would avoid trial for the more serious attempted murder and assault with a deadly weapon counts for his knife attack on Tell. The identity of the victim did not change with the addition of count 4.

In addition, an admitted count and dismissed counts may be transactionally related where: 1) "some action of the defendant giving rise to the dismissed count was

4

also involved in the admitted count," 2) all counts involved "parts of the same transaction," or 3) all of the counts involved "a continuing crime." (*People v. Beagle* (2004) 125 Cal.App.4th 415, 421.) Here the trial court could find that all of the counts were transactionally related and that counts 1, 2 and 4 were based on the same facts - the knife attack on Tell.

The order is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P.J.

We concur:

YEGAN, J.

PERREN, J.

5

Patricia Kelly, Judge

Superior Court County of Santa Barbara

_____

Richard C. Gilman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey, Supervising Deputy Attorney General, Taylor Nguyen, Deputy Attorney General, for Plaintiff and Respondent.