Filed 9/16/13  In re Carlos L. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re CARLOS L., a Person Coming Under the Juvenile Court Law. | |
| | D063267 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J230624) |
| v. | |
| CARLOS L., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Richard R. Monroy, Judge.  Affirmed.

Cynthia M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steven T. Oetting and Michael T. Murphy, Deputy Attorneys General, for Plaintiff and Respondent.

This appeal arises from a dispositional order after Carlos L. (the Minor) admitted having committed an attempted murder for the benefit of a street gang. In his admission of attempted murder, the Minor accepted as a factual basis that he aided and abetted the commission of the offense. The probation officer's report for the dispositional hearing noted witness statements that claimed the Minor was the person with the gun and the one who fired a shot at a rival gang member. The juvenile court considered that information together with other data in the probation officer's report and ordered the Minor be committed to the Department of Juvenile Justice (DJJ). The Minor appeals contending the court erred in considering the witness statements in the probation officer's report, and that his trial counsel was ineffective for failing to object to such statements. The Minor has also filed a companion petition for writ of habeas corpus (*In re Carlos L.,* D064067) repeating his allegations that trial counsel was ineffective.

We will find no error by the court or the prosecution in referring to the witness statements which identified the Minor as the person who used the firearm. We will also find the Minor has failed to establish ineffective assistance by trial counsel. Accordingly, we will affirm the judgment. We will deny the petition for writ of habeas corpus by separate order.

Before we begin the discussion of the issues raised in this appeal, we pause to note what is not at issue. The Minor does not challenge his admission of the offense and the gang enhancement. Nor does the Minor challenge the juvenile court's exercise of discretion in rejecting his request for placement in a residential treatment facility and

instead choosing to commit him to DJJ.  With those limitations in mind, we will omit a statement of facts of the underlying offense since it is not necessary for the discussion of the issues on appeal.

## PROCEDURAL BACKGROUND

The Minor was charged by petition filed in juvenile court with one count of attempted murder (Pen. Code,[1] §§ 664 & 187) and two counts of assault with a firearm (§ 245, subd. (a)(2)).  It was also alleged the offenses were committed for the benefit of a street gang (§ 186.22, subd. (b)(1)); that the attempted murder was premeditated (§ 189); and that the Minor personally discharged a firearm (§§ 12022.5, subd. (a)(1) & 12202.53, subd. (c)).

The Minor was on probation at the time of the offenses in this case.

The Minor reached a negotiated settlement under the terms of which he admitted the commission of the attempted murder and admitted the offense was committed for the benefit of a criminal street gang.  The prosecution dismissed the remaining charges and allegations and stipulated that the Minor was suitable for treatment as a juvenile.  The dismissal of the remaining charges and allegations was accompanied by a *Harvey*[2] waiver by the Minor.

At the dispositional hearing the court set the maximum term for the offense at 19 years 8 months.  At the conclusion of the hearing the Minor was committed to DJJ.

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.
[2]     *People v. Harvey* (1979) 25 Cal.3d 754, 758.

3

DISCUSSION

I

*ALLEGED EVIDENTIARY ERROR*

The Minor contends the court erred in considering "evidence" from the probation officer's report. Specifically, the Minor complains that the prosecution referred to witness statements contained in the report that identified the Minor as the member of the gang who possessed the firearm and as the person who fired the shot at the victim. The Minor contends that since the factual basis, which was accepted for his admission was that he aided and abetted the shooting, considered witness statements identifying him as the "shooter" violated his plea agreement in some manner.

At the outset we note several points. First, there is no agreement expressed in this record that guaranteed, or even hinted that a disposition excluding a DJJ commitment would occur. Further, the Minor's admission of the attempted murder offense, even as an aider and abettor, still made him a principal in that offense. (§ 31.)

A. Background

The Minor negotiated an agreement under which he admitted the offense of attempted murder as an aider and abettor and admitted the gang allegation. In return the prosecution stipulated the Minor was suitable for treatment as a juvenile and dismissed the remaining counts and allegations with a *Harvey* waiver.

The social study submitted by the probation officer for the disposition hearing referred to police reports which contained statements from the parents of the victim, rival

4

gang members, that identified the Minor as the person who possessed the gun and fired the shot at the victim, striking the victim's mother. The probation officer recommended that given the Minor's gang affiliation, substance abuse, poor performance on probation and his need for the appropriate level of services, that the court should commit the Minor to DJJ and not to a residential treatment facility.

During the disposition hearing the juvenile court said:

> "I do think that the recommendation from probation for DJJ is appropriate, given the offense that's in front of me, the information that I have, and the fact that I am considering, as well as the agreement with the People, which was a very beneficial agreement for Carlos to limit his exposure in the manner that he did. And as such, I think that the recommendation presented by probation, and argued for by the People, is the appropriate one, and I will be following it."

The Minor's counsel did not object to the court's consideration of witness statements in the social study, nor did counsel move to strike such statements and did not object to the prosecutor's comments. Thus the issue now raised was never presented to the trial court.

## B. Legal Principles

It appears that Minor's appellate counsel contends the factual statement given as part of the admission constitutes some form of plea agreement. It is difficult to discern the nature of the plea agreement here, other than agreement to admit attempted murder with the gang enhancement, stipulate to juvenile status and dismiss the balance of the petition with a *Harvey* waiver. Beyond that, we find no direct or implied agreement on

5

disposition contained in the record. However, we will briefly review applicable principles regarding plea agreements.

It is possible for a plea agreement to set forth limitations on the court's sentencing power. (§ 1192.5; *People v. Cruz* (1988) 44 Cal.3d 1247, 1249.) The factual basis for a plea is required to allow the trial court to satisfy itself that the offender understands the offense to which the plea is entered and to assist in the determination of voluntariness. (*People v. French* (2008) 43 Cal.4th 36, 50; *In re Jermaine B*. (1999) 69 Cal.App.4th 634, 640.)

Where a plea agreement is based on promises from the prosecution or the court, those promises must be honored. (*Santobello v. New York* (1971) 404 U.S. 257, 262.) Where the plea agreement includes the so-called "*Harvey* waiver," the sentencing court may consider the dismissed counts and allegations in determining the appropriate sentence for the offense(s) admitted. Failure to object to an alleged violation of the principles of *People v. Harvey*, *supra*, 25 Cal.3d 754, will result in forfeiture of that issue. (*People v. Beagle* (2004) 125 Cal.App.4th 415, 420.)

### C. Analysis

As we have noted it is a bit difficult to discern the precise error at issue in this case. Clearly the Minor complains about the reference to witnesses who describe him as the shooter in this case. Somehow, the court's consideration of the social study and the facts surrounding the events, has been characterized as a violation of a plea agreement. The difficulty with such contention, however, is there simply was no agreement regarding

6

disposition, except to the extent charges and allegations were dismissed and the Minor would be treated as a juvenile, all of which were of great benefit to the Minor. Otherwise, neither the court nor the prosecution made any direct or implied concessions as to the ultimate disposition of the case. Apparently, appellate counsel is of the view that the reference to witness statements somehow changed an agreed upon disposition, but there is no support for that position in the record.

In any event, the court was clearly entitled to consider the facts surrounding the offense. And, as we have noted, the Minor admitted the offense of attempted murder as a principal, whether the given factual basis was as a perpetrator or aider and abettor. Further, the probation officer independently recommended DJJ commitment for the Minor for numerous reasons, in addition to the manner of the commission of the offense.

In short, the record does not support the claim of breach of some form of agreement regarding disposition that might have been based on the difference between the factual statement and the statements of witnesses that were contained in the social study.

II

*INEFFECTIVE ASSISTANCE OF COUNSEL*

The Minor contends trial counsel was ineffective for failing to object to the witness statements contained in the social study and for failing to have such statements removed. At the outset, we note appellate counsel has not cited any authority for the proposition that trial counsel could have successfully challenged factually accurate

7

information in the social study. Indeed, there has never been any contention that the witness statements reported were inaccurate. Instead, appellate counsel merely asserts that any statements contrary to the factual basis of the Minor's admission must be stricken. Understandably, no authority has been cited for such position, because it has no basis in law or logic.

## A. Legal Principles

When a defendant contends trial counsel has been ineffective, such defendant bears the burden of showing that trial counsel's performance fell below the prevailing standard of care, and that but for such error, it is reasonably probable there would have been a different outcome for the defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 694 (*Strickland*); *In re Valdez* (2010) 49 Cal.4th 715, 729.)

Where there is no explanation for trial counsel's action, or inaction, we will not assume error unless there can be no reasonable explanation for such action. (*People v. Camino* (2010) 188 Cal.App.4th 1359, 1377.) Under the *Strickland* standard we give deference to trial counsel's tactical decisions, unless such decisions are clearly in error, or there can be no sound reason for counsel's tactical choice.

In a juvenile case the probation officer must submit a social study prior to the disposition hearing, which study must discuss the minor's criminal history and the circumstances and gravity of the offense among other issues. (Welf. & Inst. Code, §§ 706 & 725.5.)

8

## B. Analysis

This record does not contain any information from which we could infer ineffective assistance of trial counsel. On the contrary, counsel negotiated a very favorable outcome for the Minor, given his history and the very serious nature of his criminal conduct. Not only did counsel get serious charges and allegations dismissed, but she also was able to keep the Minor out of adult court.

Trial counsel also conducted a vigorous effort to avoid a DJJ commitment for the Minor. She argued strongly for a residential treatment facility for her client. That counsel was not able to persuade the trial court to ignore the probation officer's recommendation does not demonstrate ineffective assistance. Rather, given the client's history and current offense the trial court reasonably rejected counsel's proposal. We also note appellate counsel has not challenged the trial court's decision on the merits. The only challenge made to the choice of a DJJ commitment is based on the specious claim that the court could not consider anything that contradicts the factual basis for the Minor's admission. As we have already stated, there is no legal support for appellate counsel's argument in this regard.

Accordingly, we find the Minor has not met his burden on either prong of the *Strickland* test and therefore find he has not shown trial counsel was ineffective in any regard.

DISPOSITION

The judgment is affirmed.


HUFFMAN, J.

WE CONCUR:


McCONNELL, P. J.


BENKE, J.

10