Filed 6/11/15  P. v. Perez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C077137 |
| Plaintiff and Respondent, | (Super. Ct. No. 09F05993) |
| v. | |
| TIMOTHY ALEN PEREZ, | |
| Defendant and Appellant. | |

Defendant Timothy Alen Perez pled no contest to five counts of forcible lewd conduct upon two victims under the age of 14 years (counts two through five [victim S. M.] and count ten [victim C. E.]) in exchange for a stipulated state prison sentence of 40 years and the dismissal of the remaining counts (count one [victim S. R.], counts six through nine [victim S. M.], and count eleven [victim C. E.]) and the multiple victim allegation.

1

The trial court imposed the stipulated sentence and ordered defendant to pay victim restitution in an amount to be determined on the counts to which he pled as well as the dismissed counts.

Defendant appeals, contending the trial court erred in imposing victim restitution on the dismissed counts since he did not enter a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754. The People concede the issue except as to count eleven, for which the People claim a *Harvey* waiver was not required because the offense is transactionally related to the offense charged in count ten.

We will accept the People's concession and order the judgment modified accordingly. With respect to count eleven, defendant has not carried his burden to show that the count is not transactionally related to count ten.

FACTS

Between June 2, 2003, and May 31, 2004, and on separate occasions, defendant used force and/or fear and touched nine-year-old S. M.'s back with his penis, touched her vagina with his fingers, and touched her chest (counts two through five).

Sometime between December 1, 2008, and December 19, 2008, defendant used his hand to touch the vagina of nine-year-old C. E. who felt she could not get away (count ten).

DISCUSSION

Article I, section 28, subdivision (b)(13)(A) of the California Constitution provides, "It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to seek and secure restitution from the persons convicted of the crimes causing the losses they suffer."

*Harvey* held that "[i]mplicit in . . . a plea bargain . . . is the understanding (in the absence of a contrary agreement) that defendant will suffer no adverse sentencing consequences by reason of the facts underlying, and solely pertaining to, the dismissed

count." (*People v. Harvey*, *supra*, 25 Cal.3d at p. 758; see *People v. Martin* (2010) 51 Cal.4th 75, 80.) In the absence of a *Harvey* waiver, victim restitution may be ordered for a dismissed count that is "*transactionally related*" to an offense to which the defendant has entered a plea. (*Harvey,* at p. 758.) An offense may be considered transactionally related when it circumstantially relates to the admitted offense. (*Id.* at pp. 758-759; *People v. Beagle* (2004) 125 Cal.App.4th 415, 421 ["facts from which it could at least be inferred that some action of the defendant giving rise to the dismissed counts was also involved in the admitted count"].)

Restitution imposed in violation of a trial court's authority constitutes an unauthorized sentence. (See *People v. Slattery* (2008) 167 Cal.App.4th 1091, 1094-1096 [victim restitution to hospital which was not a "direct" victim was an unauthorized sentence].) "[T]he 'unauthorized sentence' concept constitutes a narrow exception to the general requirement that only those claims properly raised and preserved by the parties are reviewable on appeal. . . . [¶] Although the cases are varied, a sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case." (*People v. Scott* (1994) 9 Cal.4th 331, 354.)

"We review the trial court's restitution order for abuse of discretion. [Citation.] A restitution order that is based on a demonstrable error of law constitutes an abuse of the trial court's discretion." (*People v. Woods* (2008) 161 Cal.App.4th 1045, 1048-1049.)

At sentencing, the prosecutor erroneously represented that defendant had entered a *Harvey* waiver as to count one for which the victim should be awarded restitution. The trial judge then erroneously stated that there had been a *Harvey* waiver as to all dismissed counts and awarded victim restitution on those counts as well. The trial court stated those counts were "dismissed with the aforementioned *Harvey* waivers and restitution would be ordered in an amount to be determined."

Count one alleged that defendant molested S. R. on or about March 25, 2002. S. R. is not named as a victim in any other count and none of the counts to which

3

defendant entered a plea occurred on that date. Count one is not transactionally related as a matter of law. The trial court imposed an unauthorized sentence in awarding victim restitution to S. R.

It was alleged in counts six through nine that defendant molested S. M. in 2008 (between July 1, 2008, and July 31, 2008 (count six), between July 1, 2008, and September 1, 2008 (count seven), between September 1, 2008, and September 30, 2008 (counts eight and nine)). Although S. M. is the same victim as in counts two through five to which defendant entered his plea, the offenses in counts six though nine were alleged to have occurred in 2008, years after the dates alleged in counts two through five (between June 2, 2003, and May 31, 2004 (counts two through five)). Counts six through nine are not transactionally related as a matter of law. The trial court imposed an unauthorized sentence in awarding victim restitution to S. M. on counts six through nine.

Count ten alleged that defendant molested C. E. between December 1, 2008, and December 19, 2008, by putting his hands on her vagina. This was the factual basis for defendant's plea to count ten. Count eleven alleged that defendant molested C. E. between December 1, 2008, and December 19, 2008, by putting his penis on her vagina. Count eleven was dismissed.

In arguing that count eleven is transactionally related to count ten, the People rely on the police report which reflects that during one night, defendant put his hands on the victim and put his penis on her vagina. Defendant replies that it "appears that there was one incident with one touching, either hand on vagina or penis on vagina." Defendant suggests that the victim restitution order on count ten "will cover the entire incident" and that "[a] separate order of restitution on count eleven is not necessary." The issue with respect to count eleven is a factual one. Defendant has failed to demonstrate that the trial court erred in imposing restitution for count eleven. Defendant concedes count eleven involved his conduct upon the same victim on the same occasion as count ten for which he was convicted. The record reflects the trial court did not err in

impliedly finding that the offense in count eleven is transactionally related to the offense in count ten.

## DISPOSITION

The judgment is modified, striking the order of restitution on count one and counts six through nine.  As modified, the judgment is affirmed.


          ROBIE          , Acting P. J.


We concur:


        MAURO         , J.


        HOCH         , J.