Filed 5/20/22  P. v. Cain CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C094492 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE010790) |
| v. | |
| TIVON RAVI CAIN, | |
| Defendant and Appellant. | |

Defendant Tivon Ravi Cain was charged with murder, two counts of attempted murder, and conspiracy to commit robbery, amongst other charges.  Defendant pled no contest to conspiracy to commit robbery in exchange for a three-year prison term and the dismissal of the remaining charges.  The trial court sentenced defendant to three years in prison and, pursuant to Penal Code[1] section 1202.4, imposed restitution in an amount to be determined.

On appeal, defendant contends the trial court erred by imposing restitution to the victims of the murder and attempted murder because defendant did not enter a waiver

---

[1] Undesignated section references are to the Penal Code.

1

pursuant to *People v. Harvey* (1979) 25 Cal.3d 754. Because the losses for which restitution was imposed were a result of defendant's admitted offense of conspiracy to commit robbery, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND[2]

On June 19, 2019, defendant and his codefendants were charged with the murder of Jaquan W. and the attempted murders of Dominique M. and Demarcus S. A plea was negotiated whereby defendant would plead no contest to conspiracy to commit robbery in exchange for a three-year prison term. At the plea hearing on March 5, 2021, the complaint was amended to include the conspiracy count, as well as six overt acts supporting the conspiracy."

After the complaint was amended, the prosecutor provided the factual basis for defendant's plea, which the prosecutor based on the alleged overt acts: "As charged in Count 6 . . . the defendant . . . conspire[d] together and with another person, and persons whose identity is unknown, [to] commit the crime of robbery . . . . [¶] [P]ursuant to and for the purpose of carrying out the objects and purposes of the conspiracy, the defendant, with others, committed the following overt acts in the county of Sacramento: Specifically, the defendant, along with his charged codefendants, met at [a park] in Natomas. Following that meeting, they drove in tandem in three vehicles from that park to [an apartment complex] in Sacramento, [and] upon arrival, two vehicles stopped, not driven by [defendant], but by the codefendants, allowing [two codefendants] to exit [the vehicle] and enter the apartment complex on foot, waiting at the gate. [¶] [I]n furtherance of the conspiracy, a pair of three-way phone calls were made, including the defendant . . . . [D]uring the conspiracy, [two codefendants] fired multiple rounds at the

---

[2]    Because defendant pled no contest prior to a preliminary hearing, the facts are based on the factual basis for the plea presented by the prosecutor at the plea hearing.

victim's [car], and . . . following the shooting, the defendants pursued the victims by foot and by vehicle."

The prosecutor continued: "In this particular case, there had been a failed marijuana transaction two days prior . . . . [The defendants] were aware that [one of the victims] was in possession of $60,000 in cash. [¶] A text message was discovered during the investigation from [a codefendant] . . . where he had stated that they were going to, quote, strip these guys down. [¶] The nature in which the crime occurred, the evidence would lend one to conclude that the goal was to ambush style robbery for the $60,000."

The trial court asked defense counsel whether he stipulated to the factual basis, to which defense counsel responded: "We agree that there is a factual basis. We think [the prosecutor] *has not been inaccurate in stating it, except to the extent that he's characterizing this as being pursuant to a conspiracy*." (Italics added.)

Thereafter, defendant pled no contest to conspiracy to commit robbery. The trial court found there was a factual basis for the plea, and the plea was made knowingly, intelligently, and voluntarily. Defendant did not enter a *Harvey* waiver when he entered his plea. Pursuant to the negotiated plea, the trial court sentenced defendant to three years in prison. The trial court further imposed restitution "in an amount to be determined, if any," to the victims and to the California Victim Compensation Board.

Defendant appeals the restitution order.

## DISCUSSION

Defendant contends the imposition of restitution related to the victims of the murder and attempted murder charges was unlawful because those counts were dismissed, and he did not enter a *Harvey* waiver. We disagree.[3]

---

[3] Defendant also contends the issue is preserved, and any failure to adequately preserve the issue amounted to ineffective assistance of counsel. The People concede the

3

"[W]e review the trial court's restitution order for abuse of discretion." (*People v. Giordano* (2007) 42 Cal.4th 644, 663.) "[A]n order resting on a demonstrable legal error constitutes such an abuse." (*People v. Hume* (2011) 196 Cal.App.4th 990, 995.)

"It is the unequivocal intention of the People of the State of California that all persons who suffer losses as a result of criminal activity shall have the right to seek and secure restitution from the persons convicted of the crimes causing the losses they suffer." (Cal. Const., art. I, § 28, subd. (b)(13)(A).) "[I]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court." (§ 1202.4, subd. (f).)

In 1979, our Supreme Court decided *Harvey*, in which it held that facts *solely underlying charges dismissed* as part of a negotiated plea may not, absent a contrary agreement by the defendant, be used to impose adverse sentencing consequences. (*People v. Harvey*, *supra*, 25 Cal.3d at p. 758.) The court reasoned, "[i]mplicit in . . . a plea bargain . . . is the understanding (in the absence of a contrary agreement) that [the] defendant will suffer no adverse sentencing consequences by reason of the facts underlying, *and solely pertaining to*, the dismissed count." (*Ibid.*, italics added.) The *Harvey* court made clear, however, that its ruling did not prevent sentencing courts from considering facts underlying dismissed counts when those facts are "*transactionally related*" to the admitted count. (*Ibid.*; *People v. Beagle* (2004) 125 Cal.App.4th 415, 421.) "Cases interpreting the exception have identified facts from which it could at least be inferred that some action of the defendant giving rise to the dismissed count was also involved in the admitted count." (*Beagle*, at p. 421.) The principle introduced by *Harvey*

---

issue was adequately preserved, and therefore do not address the ineffective assistance of counsel claim. We accept the People's concession and address the *Harvey* issue on the merits.

4

was later expanded to cover victim restitution.  (*People v. Weatherton* (2015) 238 Cal.App.4th 676, 678; see *People v. Baumann* (1985) 176 Cal.App.3d 67, 74-76.)

After *Harvey*, the Legislature added section 1192.3, which provides:  "(a) A plea of guilty or nolo contendere to an accusatory pleading charging a public offense, . . . which public offense did not result in damage for which restitution may be ordered, made on the condition that charges be dismissed for one or more public offenses arising from the same or related course of conduct by the defendant which did result in damage for which restitution may be ordered, may specify the payment of restitution by the defendant as a condition of the plea or any probation granted pursuant thereto, so long as the plea is freely and voluntarily made, there is [a] factual basis for the plea, and the plea and all conditions are approved by the court.  [¶]  (b) If restitution is imposed which is attributable to a count dismissed pursuant to a plea bargain, as described in this section, the court shall obtain a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754 from the defendant as to the dismissed count."  (Italics added.)

Defendant argues there was demonstrable legal error because the plain meaning of section 1192.3 requires a *Harvey* waiver when restitution is imposed for a dismissed count arising from the same or related course of conduct as an admitted count.  Defendant is mistaken.

"As a general rule, '[u]nless expressly provided, statutes should not be interpreted to alter the common law, and should be construed to avoid conflict with common law rules.  [Citation.]  "A statute will be construed in light of common law decisions, unless its language ' "clearly and unequivocally discloses an intention to depart from, alter, or abrogate the common-law rule concerning the particular subject matter . . . ." ' " ' " (*California Assn. of Health Facilities v. Department of Health Services* (1997) 16 Cal.4th 284, 297.)

Reading section 1192.3 as defendant suggests would expand the rule announced in *Harvey*, and would require a waiver whenever restitution is sought for losses related to a

5

dismissed charge, regardless of an existing transactional relationship to the admitted charge. There is no clear indication the Legislature intended to abrogate the common-law rule announced in *Harvey*. Indeed, section 1192.3, subdivision (a) provides unambiguously that it applies only where defendant pleads guilty or no contest to a "public offense [which] did not result in damage for which restitution may be ordered," thus preserving the common-law rule introduced in *Harvey*. When restitution is sought for an offense which *did* result in damage for which restitution may be ordered, like here, section 1192.3 is inapplicable, and section 1202.4, subdivision (f) controls.

Applying section 1202.4, subdivision (f), defendant contends the trial court abused its discretion. We disagree. Defendant pled no contest to conspiracy to commit robbery and stipulated to the factual basis presented by the prosecutor during the plea hearing. While noting defendant's position that he was not part of a conspiracy, defense counsel agreed the prosecutor "ha[d] not been inaccurate in stating [the factual basis]." Specifically, the factual basis included that, "during the conspiracy, [two codefendants] fired multiple rounds at the victim's [car], and . . . following the shooting, the defendants pursued the victims by foot and by vehicle." The conspiracy to which defendant pled, and the facts to which defendant stipulated, led to the victims being shot, and, ultimately, to Jaquan's death. Thus, these facts do not "solely pertain[] to[] the dismissed count." (*People v. Harvey*, *supra*, 25 Cal.3d at p. 758.) Because the conspiracy resulted in the losses for which restitution was imposed, the trial court did not abuse its discretion.

Defendant cites *Crump v. Appellate Division of Superior Court* (2019) 37 Cal.App.5th 222, for the proposition that "restitution, in the absence of a *Harvey* waiver, can only be based on the charges for which a defendant was actually convicted." Based on this, defendant argues the restitution order is unlawful and must be stricken because the restitution relates to the dismissed murder and attempted murder charges. Not so. As the court in *Harvey* explained, " 'The plea bargain does not, expressly, or by implication, preclude the sentencing court from reviewing all the circumstances relating to [the

6

defendant's] *admitted* offenses [in determining a sentence] commensurate with the gravity of his crime.' " (*People v. Harvey*, *supra*, 25 Cal.3d at p. 758.) A loss which is transactionally related to an admitted offense is not excluded from consideration in a restitution order merely because it is also transactionally related to a dismissed offense. Here, the losses for which restitution was ordered, including the funeral and burial expenses, were a direct result of the conspiracy to which defendant was found guilty and could be imposed even if the murder and attempted murders had never been charged. (See § 1202.4, subd. (f).) Accordingly, defendant's argument fails.

Defendant's reliance on *Crump* is further misplaced. In *Crump*, Southern California Gas Company pled no contest to a charge of failure to immediately report the release of a hazardous material in exchange for the dismissal of charges alleging the discharge of air contaminants. (*People v. Crump*, *supra*, 37 Cal.App.5th at p. 230.) The trial court found "the failure to report was not 'a crime that includes obvious causation,' " and the delay in reporting did not cause the damage occasioned by the leak. (*Id.* at p. 249.) On a petition for a writ of mandate, the victims argued restitution must be ordered for the economic losses caused by the dismissed count because the dismissed count was transactionally related to the admitted count. (*Id.* at p. 246.)

The Second Appellate District, Division Eight, disagreed, stating, "direct victim restitution is available only for losses resulting from the commission of a crime, from a defendant convicted of that crime." (*People v. Crump*, *supra*, 37 Cal.App.5th at p. 248.) Based on the trial court's findings, the losses were the result of the discharge, not the delay in reporting, and the defendants were convicted of only the reporting delay. However, the court in *Crump* did conclude there was "enough confusion about the scope of the sentencing hearing to warrant a new hearing on the issue of restitution *only for the damages occasioned by the three-day delay of reporting* the leak." (*Id.* at p. 250, italics added.) Regardless of the transactional relationship between the failure to report and the discharge of contaminants, the court declined to allow restitution for losses caused solely

by the discharge. By ordering a new hearing, however, the court was permitting restitution to the extent those losses caused by the discharge could be attributed to the delay in reporting, if at all. (*Ibid*.)

The relationship between the charges and losses in this case are not analogous to those in *Crump*. The losses covered by the restitution in this case were the result of the admitted conspiracy charge even though they happened to be a result of the dismissed murder and attempted murder charges as well. Because of the direct relationship between the losses and the admitted charge, the trial court's restitution order was lawful.

Finally, defendant argues that, even if transactionally related conduct could be the basis of a restitution order in the absence of a *Harvey* waiver, there was no finding of fact or stipulation to specific facts underlying the admitted and dismissed counts. Defendant is mistaken. After the prosecutor presented the factual basis for the plea, defense counsel stated, "We agree that there is a factual basis. *We think [the prosecutor] has not been inaccurate in stating it*, except to the extent that he's characterizing this as being pursuant to a conspiracy." (Italics added.) Thus, defendant stipulated to the factual basis that served as the foundation for the restitution award.

## DISPOSITION

The trial court's restitution order is affirmed.

/s/
Robie, Acting P. J.

We concur:

/s/
Duarte, J.

/s/
Hoch, J.

8