Filed 7/12/22  P. v. Contreras CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MIGUEL ANGEL CONTRERAS,<br><br>    Defendant and Appellant. | D079183<br><br><br>(Super. Ct. Nos. SCD285549;<br>SCD287881; SCS317985) |

APPEALS from orders of the Superior Court of San Diego County, Albert T. Harutunian III, Judge.  Affirmed as modified; remanded with directions.

Reed Webb, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Robin Urbanski, Deputy Attorneys General, for Plaintiff and Respondent.

This is another case challenging a probation condition allowing warrantless searches of electronic devices. (See *In re Ricardo P.* (2019) 7 Cal.5th 1113 (*Ricardo P.*).)

After Miguel Angel Contreras pleaded guilty to unlawfully possessing a gun, ammunition, and billy club, the superior court suspended imposition of sentence and granted two years' probation on various conditions. These included condition 6(n), in which Contreras consented to warrantless search of, among other things, his electronic devices.[1] Rejecting defense counsel's *Ricardo P.* objection, the court stated, "electronic devices can contain indications of communications about firearms."

As we explain, the record contains nothing indicating a connection between the firearms offenses of which Contreras was convicted and using an electronic device. The trial court's rationale—that electronic devices "can contain" communications about guns—is a broad generalization insufficient under *Ricardo P.* As a result, electronics search conditions must be stricken.

However, Contreras's criminal history includes several drug offenses, and for two of them the probation report states, "[A] check of his cellphone revealed several text messages related to drug sales." Moreover, at the time of sentencing, Contreras continued to suffer from a substance abuse problem, admitting to the probation officer that he uses heroin.

---

[1] Condition 6(n) provides that Contreras will "[s]ubmit person, vehicle, residence, property, personal effects, *computers, and recordable media including electronic devices* to search at any time with or without a warrant, and with or without reasonable cause, when required by [the parole officer] or law enforcement officer." (Italics added.) He challenges this probation condition only with respect to "computers, and recordable media including electric devices." References to "electronics search condition" are to these aspects only.

It appears that the trial court was simply unaware of the information in the probation report connecting Contreras's use of an electronic device with prior crimes. We will remand to afford the court an opportunity to exercise its discretion to consider this information in determining whether to reimpose the electronics search condition.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2021 Contreras pleaded guilty in two separate cases to (1) being a felon in possession of a firearm (No. SCD287881); and (2) unlawfully possessing ammunition (No. SCD285549). (Pen. Code,[3] §§ 29800, subd. (a)(1), 30305, subd. (a)(1).) In a third case (No. SCS317985), he pled guilty to possessing a billy club. (§ 22210.)

In a single sentencing hearing the court addressed all three of Contreras's cases, granting two years' probation with one year in jail (less specified credits) to run concurrently.[4] In each case the court imposed an electronics search condition of probation which states:

---

[2] We invited and have reviewed supplemental briefs on this issue.

[3] Undesignated statutory references are to the Penal Code.

[4] The parties agree that custody was to run concurrently. But apparently due to clerical error, paragraph 1(c) in each of the three orders states custody to be both concurrent and consecutive, as this excerpt from one of the probation orders shows:

**1. COMMITMENT:**
a. ■ To Sheriff for _365_ day(s), with credit for: _67_ local day(s), _____ State Inst. days, _66_ PC4019 days ☐ [2/4] ■ [2/2] _____ PC4019(b)(1)/(c)(1) days, _____ PC4019(b)(2)/(c)(2) days, for a total of _133_ day(s) credit for time served.
☐ Defendant may be released after _____ actual days to an authorized representative of _____.
☐ Custody is stayed pending successful completion of ☐ probation ☐ _____.
b. ☐ Commit Recommendations: ☐ The Electronic Surveillance Program - Call (858) 514-8477 within 72 hours. ☐Probation RRC / Work Furlough - Defendant to report _____ at _____ to 5600 Overland Dr., Ste. 190,, San Diego
c. ■ Custody to be served consecutive to / concurrent with SCD285549, SCD287881 _____.

On remand, the orders should be amended to strike "consecutive to" in condition 1(c) in each of the three probation orders.

3

"The defendant shall:  [¶] . . . [¶]

"n.  Submit . . . computers, and recordable media including electronic devices to search at any time with or without a warrant, and with or without reasonable cause, when required by [a probation officer] or law enforcement officer. [¶] . . . [¶]

"Search authorization does not extend to medical/legal information, financial accounts or transactions, or to any data created before the acceptance of this probation grant."

At sentencing, defense counsel objected "to condition 6(n) as it extends to electronic media for a lack of nexus under [*Ricardo P.*]"  The trial court disagreed and imposed condition 6(n), stating:

"The Court does believe [condition] (n) is appropriate and has a nexus, with someone who is repeatedly in possession of firearms, that I think electronic devices can contain indications of communications about firearms, obtaining firearms, [and] disclosing of firearms."

## DISCUSSION

A.   *Contreras Was Not Required to Obtain a Certificate of Probable Cause to Challenge the Electronics Search Condition.*

The Attorney General contends we should not reach the merits of Contreras's appeal because he did not obtain a certificate of probable cause under section 1237.5 after entering his guilty plea.  That section generally prohibits appeals following pleas of guilty or no contest unless the defendant first obtains a certificate from the trial court attesting that there are reasonable grounds for the appeal.

There is, however, an exception.  A certificate of probable cause is not necessary for appealing "matters occurring after the plea . . . that do not affect the validity of the plea . . . ."  (Cal. Rules of Court, rule 8.304(b)(2)(B).)

4

In *People v. Patton* (2019) 41 Cal.App.5th 934 (*Patton*), this court considered whether a certificate of probable cause was required to appeal a probation condition subjecting electronic devices to warrantless search. We held no certificate was necessary where—although the plea agreement contemplated a grant of probation with "reasonable" conditions—the specific condition being challenged was not imposed until later sentencing. (*Id.* at p. 940.)

Here, the Attorney General concedes that *Patton* is "very similar," but for two reasons claims it was wrongly decided. First, he notes that when entering his guilty plea, Contreras knew that the trial court would later impose reasonable probation conditions. Thus, the Attorney General insists "the challenge of the search condition is not based on grounds occurring after the plea, but rather is an attack on the plea itself, requiring a certificate of probable cause."

The insurmountable problem with this argument is we rejected the same one in *Patton*: "The mere fact that [the defendant] knew some unspecified 'reasonable' restrictions or requirements could be imposed as a condition of his probation does not mean he was agreeing to accept *anything* the court decided to include, regardless of how unreasonable he thought it was." (41 Cal.App.5th at p. 940.) We are not persuaded that *Patton*'s analysis is wrong.

Second, the Attorney General contends *Patton* erroneously "seems to suggest that a defendant may avoid the certificate of probable cause requirement based simply on his subjective belief at the time he entered the plea as to what a reasonable sentence would be." But as *Patton* explains, the fundamental question is whether the defendant is challenging something " 'left open or unaddressed by the [plea] deal.' " (*Patton*, *supra*, 41

5

Cal.App.4th at p. 940.) The fact that the plea agreement contemplated reasonable-but-unspecified conditions of probation does not change the fact that the specific conditions—and thus the grounds for a challenge— "occurr[ed] after the plea" within the meaning of California Rules of Court, rule 8.304(b)(2)(B).

B. *Contreras Did Not Waive This Appeal*

In each plea, Contreras agreed to the following sentences:

| Case | Sentencing Agreement |
|------|---------------------|
| Unlawful possession of ammunition, No. SCD285549 | "NOLT concurrent with case [S]CD287881. Dismiss [balance]."[5] |
| Unlawful possession of firearm, No. SCD287881 | "NOLT concurrent with case [S]CD285549. Dismiss balance. Stipulate to gang conditions." |
| Possession of billy club, No. SCS317985 | "Stip NOLT. Concurrent to [S]CD285549, [S]CD287881. Dismiss balance." |

Each plea also contains a waiver of appeal rights, stating:

"8. (Appeal Rights) I give up my right to appeal the following: 1) denial of my 1538.5 motion, 2) issues related to strike priors . . . , and 3) *any sentence stipulated herein*." (Italics added.)

---

5     NOLT means the district attorney will not oppose county jail time. (See *Patton*, *supra*, 41 Cal.App.5th at p. 942, fn. 6.)

The Attorney General contends this provision waives Contreras's right to appeal the electronics search condition. But on this issue too, *Patton* is dispositive. It holds that a waiver of "any sentence stipulated herein" does not encompass "particular conditions of probation that were yet to be determined in future proceedings," such as the electronics search condition here. (*Patton*, *supra*, 41 Cal.App.5th at p. 943.)

In a related argument, the Attorney General also contends the appeal has been waived because Contreras initialed a paragraph in the plea agreement stating, "I may be given up to a year in jail custody, plus the fine, and any other conditions deemed reasonable by the Court." But acknowledging the trial court may impose conditions *it* deems reasonable does not mean a defendant foregoes appellate review of conditions that are unreasonable. (*Patton*, *supra*, 41 Cal.App.5th at p. 940.)

C. *The Electronics Search Condition Cannot Be Imposed on the Grounds Stated by the Trial Court*

A probation condition is invalid where it is: (1) not reasonably related to the defendant's crime, and (2) relates to conduct that is otherwise legal, and (3) requires or forbids conduct not reasonably related to preventing future criminality. (*People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*).)

The application of the third *Lent* factor to an electronic device search condition was the centerpiece of *Ricardo P.* There, a juvenile who committed a burglary challenged a probation condition allowing warrantless searches of his electronic devices. (*Ricardo P.*, *supra*, 7 Cal.5th 1113.) The trial court justified the condition on the grounds that it would facilitate monitoring the juvenile's compliance with probation terms prohibiting drug use. Although there was no evidence that the juvenile had used his phone to purchase drugs, the trial court reasoned that in general, juveniles use their phones to buy drugs and brag about drug use online. (*Id.* at pp. 1119–1120.) Striking

7

the search condition, the Supreme Court observed that "requiring a probationer to surrender electronic devices and passwords to search at any time is . . . burdensome and intrusive, and requires a correspondingly substantial and particularized justification." (*Id.* at p. 1126.) Reasonableness necessitates "more than just an abstract or hypothetical relationship between the probation condition and preventing future criminality." (*Id.* at p. 1121.) Thus, under *Ricardo P.*, "there must be a specific relationship—grounded in the facts of the case—between the condition and preventing future criminality." (*People v. Cota* (2020) 45 Cal.App.5th 786, 790 (*Cota*).)

The same concerns involved in *Ricardo P.* also exist here. Under condition 6(n), Contreras's electronic devices can be searched at any time without a warrant. As in *Ricardo P.*, the condition was imposed based on a general assumption. In *Ricardo P.*, the trial court assumed that drug users routinely buy drugs using their cell phone. Here, the court assumed that if Contreras became involved in any future firearms offense, he would use an electronic device.

The assumption is undoubtedly a reasonable one in general. Almost everyone—and especially those in their mid-20's like Contreras —uses electronic devices for communicating. But under *Ricardo P.*, generalizations like this are not enough.

In seeking to uphold imposing condition 6(n), the Attorney General emphasizes that the court modified the standard form to preclude searches of medical and legal information, financial accounts or transactions, or any data generated before the grant of probation. But even as so limited, the problem remains: there is no evidence of any case-specific relationship between condition 6(n) and Contreras's weapons offenses.

The Attorney General also argues that Contreras's "lengthy criminal history" and prior poor performance on probation justify "the need for close monitoring." But the trial court did not cite those factors. Instead, it imposed the electronics search condition only because Contreras was "repeatedly in possession of firearms" and "electronic devices can contain indications of communications about firearms, obtaining firearms, [and] disclosing of firearms." Where, as here, " '[T]he record clearly demonstrates what the trial court did, [and] we will not presume it did something different.' " (See *Border Business Park, Inc. v. City of San Diego* (2006) 142 Cal.App.4th 1538, 1550.)

Nevertheless, it may be appropriate to impose a probation condition that, although not directly connected to the crime for which probation is granted, is related to the probationer's personal and criminal history. In *Ricardo P.*, the Supreme Court reasoned "that 'conditions of probation aimed at rehabilitating the offender need not be so strictly tied to the offender's precise crime' [citation] so long as they are 'reasonably directed at curbing [the defendant's] future criminality' [citation]." (7 Cal.5th at p. 1122.) Indeed, the court noted that " 'courts may properly base probation conditions upon information in a probation report that raises concerns about future criminality unrelated to a prior offense.' " (*Ibid.*)

According to the probation report, Contreras has a long history of drug related offenses. He has five previous misdemeanor drug convictions and two prior felony drug convictions. These include a felony conviction in 2014 where the probation report explains:

9

> "Officers contacted the defendant for a bicycle code violation. A search of his person netted 1.23 grams of methamphetamine in six different baggies, *and a check of his cellphone revealed several text messages related to drug sales.*" (Italics added.)

He also pled to being under the influence of a controlled substance and served 180 days in jail. In 2015, Contreras pled guilty to transporting controlled substances. The probation report states:

> "The defendant was found in possession of 4.8 grams of methamphetamine and *a check of his cellphone revealed text messages that indicated he was involved in drug sales.*" (Italics added.)

In July 2017 and again in September 2019, Contreras pled guilty to possessing controlled substances. Just before his sentencing in this case, he told the probation officer he was using heroin.

In addition, Contreras has a dismal record while on probation. He has been granted probation on four occasions , and sustained multiple revocations Courts have granted and later revoked Post Release Community Supervision on multiple occasions. Indeed, Contreras was arrested in the third case (possession of a billy club) while on probation in another case.

Although there is nothing in the record to support imposing the electronics search condition based solely on Contreras's weapons offenses, his extensive criminal history includes previous use of a cellphone in connection with his possession and sale of controlled substances. We note, as have other courts, the well-understood connection between firearms and the transportation and/or sale of illegal drugs. (See, e.g., *People v. Bland* (1995) 10 Cal.4th 991, 1005; *People v. Bradford* (1995) 38 Cal.App.4th 1733, 1739.) Given Contreras' criminal history and his consistently poor performance while on probation, the trial court should be given an opportunity to decide whether the electronics search condition is reasonably related to his future

criminality.  (*Cota*, *supra*, 45 Cal.App.5th at p. 790 [striking a probation condition without prejudice to reinstatement on a proper showing].)  We express no opinion regarding how the court's discretion should be exercised.

## DISPOSITION

The matter is remanded with instructions to strike the electronics search condition in each of the probation orders.  After receiving input from the parties, the trial court may consider whether or not to reimpose it on a proper showing.  (See *Cota*, *supra*, 45 Cal.App.5th at p. 790.)


DATO, J.

WE CONCUR:


McCONNELL, P. J.


IRION, J.