Filed 11/21/22 P. v. Burnette CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Trinity)

----

| | |
|---|---|
| THE PEOPLE, | C095741 |
| Plaintiff and Respondent, | (Super. Ct. No. 21F164) |
| v. | |
| DEREK CHRISTOPHER BURNETTE, | |
| Defendant and Appellant. | |

After defendant Derek Christopher Burnette pled no contest to inflicting corporal injury on a cohabitant (his girlfriend), the trial court denied probation and imposed a sentence of three years of imprisonment. On appeal, defendant contends the trial court violated his due process rights at sentencing by considering "facts that were excluded under the plea agreement," denying probation based on improper aggravating factors, and failing to consider material facts supporting a grant of probation. We conclude these contentions are forfeited for failure to object in the trial court, and defendant has not

1

established ineffective assistance. Defendant also contends we should strike a $500 fee the trial court ordered defendant to pay, as that fee is applicable only when a trial court grants probation to a defendant. The People agree, and so do we.

Accordingly, we will strike the $500 fee and affirm the judgment as modified.

FACTUAL AND PROCEDURAL BACKGROUND

In November 2021, a complaint was filed accusing defendant of four offenses against his girlfriend: count one—making a criminal threat (Pen. Code, § 422, subd. (a)),[1] count two—assault with a deadly weapon (a knife) (§ 245, subd. (a)(1)), count three—battery of a cohabitant (§ 243, subd. (e)(1)), and count four—corporal injury to a cohabitant (§ 273.5, subd. (a)). Defendant pled no contest to count four in exchange for dismissal of the other counts. The parties stipulated to a report by the county sheriff's office as providing the factual basis for the plea.

The sheriff's report detailed events on the evening of November 2, 2021, when sheriff deputies responded to defendant's residence because of a report defendant was breaking things and making death threats against his girlfriend. Defendant told the deputies: " 'You guys can leave. I don't even know why you're here.' " Another man present replied to defendant: " 'Yes they should be here. You . . . hit her . . . . And you tried to burn the house down.' "

Defendant's visibly distressed girlfriend had apparent cuts on her face, which were bleeding. She said defendant "struck her in the face," and "held a knife to her stomach and said that he was going to stab her." The report explained how defendant's girlfriend "lifted her shirt and said, 'Well he said that he was going to stab me. And he held [the knife] like this, well there isn't any marks or anything. Well that. But he didn't really push anything in.' [The girlfriend] pointed to a red mark on the center of her

_____

[1] Undesignated statutory references are to the Penal Code.

2

stomach. . . . [A deputy] observed the red mark. It did appear to be a fresh wound. [The girlfriend] said that [defendant] was holding the point of the knife to her stomach as if he was going to stab her."

At the plea hearing, after the trial court accepted the sheriff's report as the factual basis for defendant's plea and dismissed the other counts, defense counsel asked for an own recognizance (OR) release of defendant. The prosecutor objected and the trial court denied the defense request.

*Plea Form*

Item 2.h of the plea form memorializing defendant's plea and waiver of rights, which was signed by defendant, defense counsel, a prosecutor, and the trial court, provides in relevant part: "I understand and agree that the sentencing judge may consider facts underlying dismissed counts . . . to sentence me on the counts to which I am entering a plea." Defendant's initials do *not* appear in the box corresponding to this provision. Rather, the box is crossed out.

*Psychiatrist's Report*

After defendant's plea and before sentencing, defense counsel expressed doubt regarding defendant's mental competency. Accordingly, the trial court suspended proceedings and appointed a psychiatrist to examine defendant. In a written report, the psychiatrist opined defendant was competent to stand trial and observed he might "be a good candidate" for probation.

*Probation Officer's Report*

A probation officer recommended formal probation.

*People's Sentencing Memorandum*

In a December 2021 pleading, the People requested a three-year term in state prison, emphasizing defendant "[h]eld a butcher knife to his girlfriend's stomach," "[p]unctured [her] abdomen with" it and "threatened to kill her."

3

*Sentencing Hearing*

In a February 2022 hearing, defense counsel asked the trial court to grant probation in light of the psychiatrist's report. The trial court disagreed, explaining "probation [was not] appropriate in th[e] matter" in light of, inter alia, defendant's "being armed, the weapon." The trial court explained: "[T]he facts of this case are quite serious, in terms of the fact [defendant] held a butcher knife to his girlfriend's stomach and threatened to kill her; she actually was punctured by this butcher knife; that he grabbed and clawed at her face, causing wounds" The trial court imposed a sentence of three years of imprisonment. The trial court also imposed various costs, including a $500 "domestic violence fee, pursuant to [section] 1203.097."

Defendant timely appealed.

## DISCUSSION

## I

Defendant argues the trial court violated his due process rights at sentencing by considering excluded facts, e.g., that defendant held a knife to his girlfriend's stomach and threatened to kill her, in denying probation. Defendant contends the trial court improperly considered facts related to dismissed counts one and two since he did not initial the box on the plea form relating to consideration of dismissed counts as part of the plea agreement. The People argue defendant's claim is forfeited on appeal because he did not raise it in the trial court and we agree.

*A. Background Legal Principles*

1. *Forfeiture*

"In order to encourage prompt detection and correction of error, and to reduce the number of unnecessary appellate claims, reviewing courts have *required* parties to raise certain issues at the time of sentencing. In such cases, lack of a timely and meaningful objection forfeits . . . the claim." (*People v. Scott* (1994) 9 Cal.4th 331, 351 (*Scott*).) Accordingly, "all 'claims involving the trial court's failure to properly make or articulate

4

its discretionary sentencing choices' raised for the first time on appeal are not subject to review." (*People v. Smith* (2001) 24 Cal.4th 849, 852 (*Smith*).)

Under a narrow exception to this forfeiture rule, an unauthorized sentence or a sentence entered in excess of jurisdiction is reviewable for the first time on appeal, as "these sentences 'could not lawfully be imposed under any circumstances in the particular case.' " (*Smith, supra*, 24 Cal.4th at p. 852.) Importantly, this narrow exception exists "because [the unlawful sentence] is 'clear and correctable' *independent of any factual issues presented by the record at sentencing*." (*Scott, supra*, 9 Cal.4th at p. 354, italics added.)

### 2. *Plea Agreements as Contracts*

"Plea negotiations and agreements are an accepted and 'integral component of the criminal justice system and essential to the expeditious and fair administration of our courts.' [Citations.] Plea agreements benefit that system by promoting speed, economy, and the finality of judgments." (*People v. Segura* (2008) 44 Cal.4th 921, 929.) "Because a 'negotiated plea agreement is a form of contract,' it is interpreted according to general contract principles," and "[a]cceptance of the agreement binds the court and the parties to the agreement." (*Id.* at p. 930.)

" 'The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties. [Citation.] If contractual language is clear and explicit, it governs. [Citation.] On the other hand, "[i]f the terms of a promise are in any respect ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it." [Citations.]' [Citation.] 'The mutual intention to which the courts give effect is determined by objective manifestations of the parties' intent, including the words used in the agreement, as well as *extrinsic evidence* of such objective matters as the *surrounding circumstances* under which the parties negotiated or entered into the contract; the object, nature and

5

subject matter of the contract; and the *subsequent conduct of the parties*. [Citation.]' " (*People v. Shelton* (2006) 37 Cal.4th 759, 767, italics added.)

   *B. Analysis*

   Here, there is no dispute defendant's trial counsel did not raise the instant claim in the trial court. Defendant contends we can review this claim because his sentence was unlawful. The problem with defendant's argument is that the asserted unlawfulness of his sentence requires us to examine factual issues presented by the record at sentencing: the plea agreement, the surrounding circumstances, and the intent of the parties when they entered into this agreement. Thus, this is not an error that "is 'clear and correctable' independent of any factual issues presented by the record at sentencing." (*Scott, supra*, 9 Cal.4th at p. 354.)

   There is at least an arguable factual issue related to the intention of the parties to allow the trial court to consider facts related to the admitted offense. (See *Crump v. Appellate Division of Superior Court* (2019) 37 Cal.App.5th 222, 246 [In *People v. Harvey* (1979) 25 Cal.3d 754, 758, "the Supreme Court concluded it would be 'improper and unfair' to permit a sentencing court to consider any facts underlying a dismissed count 'for purposes of aggravating or enhancing defendant's sentence,' " but "d[id] not preclude the sentencing court ' "from reviewing all the circumstances relating to [the defendant's] *admitted* offenses," ' " "denominat[ing] such facts as '*transactionally related* to the offense to which defendant pleaded guilty' "]; *People v. Bradford* (1995) 38 Cal.App.4th 1733, 1737-1739 [the trial court "properly used defendant's possession" of two loaded shotguns to impose the upper term, because the record contained substantial evidence showing such possession "was transactionally related to his crime of cultivation of marijuana"].)

   Beyond the reference and recitation of the facts surrounding the stabbing in the sheriff's report that defendant stipulated would serve as the factual basis for his plea, that defendant did not initial the box authorizing the trial court to consider the facts

6

surrounding the dismissed counts does not negate case law that *permits* trial court consideration of facts that are transactionally related to an admitted offense. And the subsequent conduct of the parties suggests the parties agreed on this.

Moments after the trial court accepted defendant's plea, the prosecutor opposed defendant's request for OR release, arguing defendant "took a kitchen carving knife, held it to his co-habitant's belly as he broke the skin, and threatened to stab her." Defense counsel did not object to the prosecutor's factual recitation. Similarly, the appellate record reveals no objection, orally or in writing, by defense counsel to the prosecutor's invocation of those facts in the prosecutor's sentencing memorandum. Thus, it is at least arguable the subsequent conduct of the prosecutor and defense counsel reflected an objective manifestation of their mutual intent the trial court *could* consider facts transactionally related to defendant's infliction of corporal injury to his girlfriend.

Accordingly, defendant's appellate argument implicates factual issues presented by the record at sentencing and is not " 'clear and correctable' " independent of factual issues presented by the record at sentencing. (*Scott, supra*, 9 Cal.4th at p. 354.) For this reason, the claim is forfeited on appeal.[2]

## II

Defendant argues the trial court violated his due process rights by denying probation based on unsupported and improper aggravating factors and by failing to consider facts supporting a grant of probation. Among the facts the trial court was

---

[2] The parties had an opportunity to brief this issue that is fairly included within defendant's claim of trial court error. (See *People v. Alice* (2007) 41 Cal.4th 668, 679 ["The parties need only have been given an opportunity to brief the issue decided by the court, and the fact that a party does not address an issue, mode of analysis, or authority that is raised or fairly included within the issues raised does not implicate the protections of section 68081"].)

purportedly "misinformed" about were the stabbing and the death threat, as those facts were "foreclosed by the plea agreement."

The People argue this claim is also forfeited on appeal because defendant did not raise it in the trial court. We agree. The trial court's decision to deny probation is discretionary. (*People v. Shenouda* (2015) 240 Cal.App.4th 358, 369.) Accordingly, defendant's failure to object to the trial court's alleged errors in making this discretionary sentencing decision forfeits the claim on appeal. (See *Smith, supra*, 24 Cal.4th at p. 852.)

Acknowledging his failure to object below, defendant asserts any failure to object was the result of ineffective assistance of counsel. We are not persuaded, as defendant has failed to demonstrate trial counsel's omissions were not based upon a rational tactical basis. "To establish constitutionally inadequate representation, a defendant must demonstrate that (1) counsel's representation was deficient, i.e., it fell below an objective standard of reasonableness under prevailing professional norms; and (2) counsel's representation subjected the defendant to prejudice, i.e., there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the defendant. [Citations.] 'When a defendant on appeal makes a claim that his counsel was ineffective, the appellate court must consider whether the record contains any explanation for the challenged aspects of representation provided by counsel. "If the record sheds no light on why counsel acted or failed to act in the manner challenged, 'unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation,' [citation], the contention must be rejected." ' " (See *People v. Samayoa* (1997) 15 Cal.4th 795, 845.)

Here, the record does not demonstrate affirmatively that counsel's omissions were not based upon a rational tactical basis, such as the reasonable assumption that objecting to the trial court's consideration of the facts that defendant stabbed his girlfriend with a knife and made a death threat would be overruled. (*People v. Samayoa, supra*, 15 Cal.4th at p. 848.) Such an assumption would have been reasonable in light of our discussion of

8

defendant's first claim, above. Thus, defendant's assertion of ineffective assistance of counsel fails.

III

The parties agree we should strike the domestic violence fee the trial court ordered defendant to pay, as that fine is applicable only when a trial court *grants* probation to a defendant. (See § 1203.97, subd. (a)(5)(A) [a "minimum payment by the defendant of a fee of five hundred dollars ($500)" is applicable "[i]f a person is granted probation for a crime in which the victim is a person defined in Section 6211 of the Family Code"].) We agree and will strike this fine.

DISPOSITION

The $500 domestic violence fee is stricken. As modified, the judgment is affirmed. The trial court shall amend the abstract of judgment accordingly and provide a copy of the amended abstract to the Department of Corrections and Rehabilitation.


/s/<br>BOULWARE EURIE, J.


We concur:


/s/
HULL, Acting P. J.


/s/
MAURO, J.

9